## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**EDNECDIA SUTINA JOHNSON,**

       **Petitioner,**

**v.**                       **Case No. 1:19-cv-00596**

**WARDEN REHERMAN,**
**Alderson FPC,**

       **Respondent.**

### PROPOSED FINDINGS AND RECOMENDATIONS

On August 15, 2019, Ednecdia Sutina Johnson (hereinafter "Johnson") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). On September 10, 2019, after Johnson paid the filing fee, the undersigned issued a show cause order. (ECF No. 6). Respondent filed a response to the show cause order, and Johnson has replied. (ECF Nos. 7, 9).  This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** the Petition for a Writ of Habeas Corpus and **DISMISS** this action, with prejudice, from the docket of the Court.

### I.  Relevant Procedural History

On December 21, 2011, Johnson was arrested in Clayton County, Georgia on

charges of Bank Fraud and Making False Statements. *United States v. Johnson,* Case No.: 1:04-cr-00143-ODE-AJB (N.D. Ga. Dec. 22, 2011) ("*Johnson I*"), at ECF No. 54. At the time of her arrest, Johnson was serving a term of supervised release imposed by the United States District Court for the Northern District of Georgia (the "Sentencing Court"). Accordingly, a petition was filed on December 22, 2011, seeking to revoke Johnson's supervised release. *Id.* On January 17, 2012, Johnson was indicted in the Sentencing Court on two counts of access device fraud, one count of possession of five or more false identification documents, and one count of possessing document-making implements. *See United States v. Johnson,* Case No. 1:12-cr-00016-RWS-GGB (N.D. Ga. Jan. 17, 2012) ("*Johnson II*"), at ECF No. 2. During this entire period, Johnson remained detained in the Clayton County Jail, pending resolution of the state charges and the revocation petition, and awaiting transfer to the United States Marshals Service on the new federal indictment. On February 6, 2012, after the state charges were dismissed, Johnson was released from the Clayton County Jail to the custody of the United States Secret Service. (ECF No. 7-1 at 3). She remained detained on the federal matters. On May 24, 2012, Johnson's supervised release was revoked, and she was sentenced to 24 months' incarceration followed by three years of supervised release. *Johnson I,* at ECF No. 78.

Johnson completed her sentence related to the revocation of her supervised release on September 16, 2013, but remained in custody pending sentencing in *Johnson II.* (ECF No. 7-1 at 3). On December 12, 2014, Johnson was sentenced to 180 months' imprisonment, followed by three years of supervised release. (*Id.* at 47-50). In the judgment order, the Sentencing Court stated that Johnson was to "receive credit for time in custody since December 21, 2011." (*Id.* at 48).

On August 18, 2015, the Federal Bureau of Prisons ("BOP") completed a sentence

computation pertinent to Johnson. (*Id.* at 52-54). Although Johnson had completed her supervised release revocation sentence in *Johnson I* prior to receiving her sentence in *Johnson II,* the BOP erroneously aggregated Johnson's sentences in the computation, resulting in a total term of imprisonment of 204 months, with jail credit from December 21, 2012 to May 23, 2012, the date prior to imposition of her *Johnson I* sentence. Based on this calculation, Johnson became eligible for home detention on April 12, 2026 and had a projected release date of October 12, 2026. (ECF No. 7-1 at 52).

On December 18, 2015, while incarcerated at Federal Correctional Institution Aliceville in Aliceville, Alabama, Johnson filed a petition for habeas relief, challenging the BOP's sentence calculation. *Johnson v. Washington-Adduci,* Case No.: 7:17-cv-02291-AKK-HGD (N.D. Ala. Dec. 18, 2015), at ECF No. 1. On February 18, 2016, Respondent filed a motion to dismiss the petition, asserting that the BOP had updated Johnson's sentence calculation on January 22, 2016 and corrected the errors. *Id.,* at ECF No. 5. The Court agreed with Respondent and dismissed Johnson's habeas petition as moot on February 24, 2016. *Id.,* at ECF No. 6. Under the revised calculation, Johnson's sentences were no longer aggregated, and she was given credit for her time in custody from December 21, 2011 to December 11, 2014 pursuant to the Sentencing Court's judgment order. (ECF No. 7-1 at 52).

On August 15, 2019, Johnson filed the instant habeas petition while incarcerated at Federal Prison Camp Alderson in Alderson, West Virginia. (ECF No. 1). Johnson argues that her sentence calculation is still incorrect, because her sentence in *Johnson I* was "absorbed" prior to her sentence in *Johnson II*; therefore, her sentence in *Johnson II* should have commenced on December 21, 2011, the date on which she was first arrested in Clayton County, Georgia. (*Id*. at 2). According to Johnson, the BOP's inaccurate

calculation extends her sentence by an additional year. (*Id.*).

Respondent answered the petition on October 22, 2019, asking that this case be dismissed for lack of merit. (ECF No. 7). Respondent provided documentation showing that on January 22, 2016, the BOP corrected the aggregation error and credited Johnson with jail time from December 21, 2011 through December 11, 2014. (*Id.* 4-5). Johnson's sentence was recalculated a third time, on September 27, 2019, to provide her with projected good time credit of 810 days pursuant to the First Step Act. (*Id.*; ECF No. 7-1 at 57). Under the latest calculation, Johnson's projected release date is October 1, 2024, and her home detention eligibility date is April 1, 2024.

Although she has had her sentences unaggregated, has received full credit for time spent in official custody between December 2011 and 2014, and is being credited a projected 810 days of good conduct time—which covers essentially all of her prior complaints—Johnson filed a reply memorandum, reiterating that her supervised release revocation sentence was absorbed. Johnson continues to ask that her sentence in *Johnson II* be deemed to have commenced on December 21, 2011. (ECF No. 9). Johnson does not explain how such a change would effect the length of her sentence; however, she asserts that a change of the commencement date of her sentence will eliminate her restitution obligation.

## II.    Discussion

Federal law governs when a federal sentence commences. *See* 18 U.S.C. § 3585(a). Under § 3585(a) "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." *Id.* Because sentence calculation is not always simple, the BOP, not the

sentencing court, is tasked with determining the precise date on which an inmate's sentence begins. *United States v. Wilson,* 503 U.S. 329, 334 (1992); *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002). The BOP's policies regarding sentence computation are contained in Program Statement 5880.28, *Sentence Computation Manual.* Chapter 1, page 13 of PS 5880.28 provides that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." *Id.* Consequently, Johnson's sentence in *Johnson II* cannot commence prior to December 12, 2014, the day on which the Sentencing Court imposed judgment. *See United States v. McClean*, No. 88–5506, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (citations omitted) ("A federal sentence cannot commence prior to the date it is pronounced."); *also United States v. Labeille–Soto,* 163 F.3d 93, 98–100 (2nd Cir. 1998). As such, the undersigned **FINDS** that Johnson's request to have her sentence commencement date changed to December 21, 2011 is without merit and should be denied.

The undersigned further **FINDS** that Johnson has already received all of the remaining relief requested in her petition; thus, rendering the petition moot as to these matters. Over the years, Johnson has quibbled about various aspects of her sentence. Therefore, the undersigned examined the BOP's current sentence calculation to determine the merits of Johnson's concerns. Having done so, the undersigned **FINDS** that the BOP has corrected the initial errors in its sentence calculation and has computed Johnson's sentence in a manner most beneficial to her.

Johnson was arrested on state charges out of Clayton County, Georgia on December 21, 2011. The following day, a petition was filed to revoke her federal supervised release. Johnson remained incarcerated in the Clayton County jail until February 6, 2012, when the state charges were dismissed and she was handed over to the custody of the

United States Secret Service. Johnson was kept incarcerated on the revocation charge and on the new federal indictment related to the original state charges. Johnson began serving her supervised release revocation sentence on May 24, 2012 and completed that sentence on September 16, 2013. Rather than being released at that time, she was again held in custody pending sentencing on the federal indictment. The sentence in that case was imposed on December 12, 2014.

An inmate may receive credit for time spent in official detention prior to the imposition of a sentence. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences."). However, credit is only given for time spent in detention "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." *Id.* The BOP has incorporated this standard for awarding credit in PS 5880.20 at Chapter 1, page 14.

In this case, Johnson was given 1087 days of jail credit to account for her period of detention between December 21, 2011, the date of her initial arrest, through December 12, 2014, the date that her sentence was imposed in *Johnson II*. Johnson was given this credit, not because she qualified for it under § 3585(b) and the PS 5880.28, but because the Sentencing Court ordered that Johnson receive credit for that time. (ECF No. 7-1 at 57). Indeed, as the BOP's National Inmate Appeals Administrator explained to Johnson, she was not entitled to the full credit given, (ECF No. 1-1 at 8), considering that a portion of that time was credited against her 24-month supervised release revocation sentence, which was not fully served until September 16, 2013. Accordingly, Johnson actually

6

received more jail credit than she deserved.

Moreover, Johnson's good conduct time was recalculated to account for changes contained in the First Step Act, which allowed an inmate to receive the full 54 days of good conduct time for each year of his or her sentence. Johnson received a 15-year sentence of imprisonment. Fifteen times 54 equals 810 days, which is the amount of good conduct time the BOP has used in projecting Johnson's statutory release date of October 1, 2024. (ECF No. 7-1 at 57).

With respect to Johnson's claims related to restitution, the undersigned has already addressed those in Proposed Findings and Recommendations filed in Case No. 1:19-cv-00518. In that case, the undersigned similarly concluded that Johnson raised no meritorious claims related to her restitution obligation.

## III.   **Proposal and Recommendations**

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED,** and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed

Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: June 11, 2020

Cheryl A. Eifert
United States Magistrate Judge

8